# EXHIBIT "A"

2070369.1
5/11/17

Gary S. Grynkewich
State Bar Number 004105
GRYNKEWICH LAW OFFICES
2800 Hualapai Mountain Road, Suite B
Kingman, AZ 86401
Phone: (928)263-8480
Fax: (928)263-8481
Email: gary@grynklaw.com
Attorneys for Plaintiff

# ARIZONA SUPERIOR COURT

## MOHAVE COUNTY

| MARGARET KENLEY, a single person, | Case No. CV2017-00348 |
|---|---|
| Plaintiff, | COMPLAINT |
| -vs- | Tort (non-motor vehicle) |
| MOHAVE COUNTY, a public entity of the State of Arizona; MOHAVE COUNTY SHERIFF'S OFFICE, a public entity of the State of Arizona; and DEPUTY T. NELSON, a public employee of a public entity of the State of Arizona, and "JANE DOE" NELSON, if married, Defendants. | (Negligence, Assault and Battery; Excessive Force; Violation of Civil Rights |

PLAINTIFF, by and through counsel undersigned, alleges:

1. Plaintiff is a resident of the State of California. Defendants, at all times pertinent hereto were public employees and/or public entities of the State of Arizona, and all events pertinent to this claim occurred within the State of Arizona.

2. Venue and jurisdiction are proper with this Court.

3. Defendant Mohave County is a public entity of the State of Arizona. Defendant Mohave County Sheriff's Office ("MCSO") is a political subdivision of Mohave County and as such a public entity of the State of Arizona. Deputy Sargeant Nelson was at all times pertinent to this action, an employee of MCSO who was acting in the scop of his duties with said MCSO.

4. Within 180 days of the events giving rise to this Cause of Action, Plaintiff caused to be served on Defendants, and each of them, claims pursuant to A.R.S. §12-821.01, which said claim was denied by Defendants through their insurance pool on February 21, 2017.

5. On or about the 7th day of June, 2016[1], in or about the vicinity of Littlefield, Arizona at approximately MP 2[2] on Highway 91, Plaintiff was pulled over by a Deputy Felish of the MCSO for alleged failure to stop in violation of A.R.S. §28-1595A as well as for alleged Failure to Obey a Traffic Control Device in violation of A.R.S.§28-644.

6. Following Deputy Felish' stop of Claimant, Defendant Nelson ("Nelson") appeared on the scene. Shortly following his arrival, Nelson ordered Plaintiff to step out of her vehicle because she was being placed under arrest for the two alleged traffic

---

[1] The traffic citation given to Clamant at the scene indicates that the stop was made on the 6th day of June, 2016, however, the Mohave County Sheriff's Office incident report indicates the incident occurred onthe 7th, the narrative therein indicates it occurred on the 7th, Claimant's weight logs for her vehicle are dated the 7th, and Claimant recalls the stop as having occurred on the 7th.

[2] Again, the traffic citation issued indicates the stop was made at milepost 3, however, both the incident report and the officers' narratives indicate the incident occurred at milepost 2.

violations set forth in paragraph 5 hereinabove to which Plaintiff innocuously responded by questioning whether Nelson "was being serious."

7. When Nelson indicted that he was being serious, Claimant departed her vehicle and stepped down facing the two deputies. Purportedly because she would not voluntarily place her hands behind her back, Nelson grabbed her wrist and wrenched Plaintiff's arm behind her back.

8. Nelson's actions, given the totality of the circumstances were completely unwarranted, unreasonable, excessive, negligent, grossly negligent, intentional, assaultive and below acceptable police standards for what was otherwise a non-custodial traffic stop wherein Plaintiff had not given any indication that she might attempt to flee the scene or which could objectively be interpreted as her posing any harm whatsoever to the officers effectuating the stop.

9. Further, at the scene of the stop, Nelson advised Plaintiff that in addition to the two purported traffic violations for which a citation was ultimately issued, she was going to be charged with resisting arrest. In point of fact, Plaintiff was never charged with resisting arrest, nor did she ever, in fact attempt to resist arrest.

10. As a direct and proximate result of the excessive force inflicted on Plaintiff by Deputy Sgt. Nelson, Claimant suffered injuries for which she immediately sought treatment but which persist through the present time and which have caused her to be out of work from the date of the incident for almost ten months.

11. As a further direct and proximate result of Defendants' attempted arrest of Plaintiff, Plantiff has been injured in that her worker's compensation carrier has refused to provide her with compensation benefits based upon the alleged criminal conduct of Plaintiff"not associated with her employment" which can only relate to the unwarranted conduct of Sgt. Nelson following Plaintiff's having been stopped for the minor traffic offenses in question.

## COUNT ONE

### Excessive Force

12. Plaintiff reasserts and realleges all matters set forth in the paragraphs above as if same were set forth herein and by reference incorporates same herein.

13. While a peace offer may be justified in exercising force to effectuate a valid arrest, the amount of force applied by the officer must be proportionate to what is reasonably necessary to complete the arrest.

14. In the instant situation, the "resistance" encounter by Nelson from Plaintiff, if any, amounts at most to possibly the sarcastic questioning about whether Nelson was being serious. There is nothing in the records indicating any attempt a flight, any concern about officer safety or any other legitimate provocation for the use of force.

15. As a direct and proximate use of excessive force by Deputy Nelson, Plaintiff was injured and suffered damages.

16. Said damages include pain and suffering, emotional distress, hedonic damages,

lost wages, medical expense and such other and further damages as are compensable under the laws of the State of Arizona.

WHEREFORE, Plaintiff prays judgment under COUNT ONE of her Complaint, as follows:

1. For judgment in an amount deemed just and proper by the Court fully compensating Plaintiff for any and all damages occasioned her as a result of the application of excessive force by Deputy Sgt. Nelson, an employee of Defendants MCSO and Mohave County plus interest thereon at the applicable legal rate from the date of judgment until paid.

2. For plaintiffs costs incurred herein.

3. For such other and further relief as to the Court seems just and proper in the premises.

## COUNT TWO

### Assault and Battery

17. Plaintiff reasserts and realleges all matters set forth in the paragraphs above as if same were set forth herein and by reference incorporates same herein.

18. Plaintiff intention engaged in an unwarranted touching of Defendant based on any conduct which might be seen by a reasonable person which might justify such physical contact with Plaintiff by Deputy Sgt. Nelson.

19. Said Deputy Sgt. Nelson knew or should have known that such unwarranted

touching would be offensive to Plaintiff and that same when excessively applied might cause injury to the person of Plaintiff.

20. Said battery by Deputy Sgt. Nelson did, in fact, result in physical harm to Plaintiff and was indeed offensive.

21. As a direct and proximate result of the assault and battery by Deputy Sgt. Nelson on Plaintiff, Plaintiff has been damages and has sustained injuries.

22. Said injuries include pain and suffering, hedonic damages, emotional distress, medical expense, and such other and further damages as are recognized by the laws of the State of Arizona.

WHEREFORE, Plaintiff prays judgment under COUNT TWO of her Complaint, as follows:

1. For judgment in an amount deemed just and equitable by the Court fully compensating Plaintiff for any and all damages occasioned by the assault and battery carried out by Deputy Sgt. Nelson, plus interest thereon from the applicable legal rate from the date of judgment until paid.

2. For Plaintiff's costs incurred herein.

3. For such other and further relief as the Court deems just and proper in the premises.

## COUNT THREE

23. Plaintiff reasserts and realleges all matters set forth in the paragraphs above as

if same had been set forth at length herein and by reference incorporates same herein.

24. Deputy Sgt. Nelson's actions toward Plaintiff were unreasonable under the circumstance present at the time of their interaction.

25. Deputy Sgt. Nelson should have reasonably realized that his inability to control his anger placed those he came into contact with at a great risk for injury because of his anger management issues.

26. Deputy Sgt. Nelson's anger management issues should have been known to his employer, and the MCSO and Mohave County should have been aware that by placing someone with such self-control issues in a position of power created an unnecessary risk to otherwise law-abiding members of society.

27. As such, Deputy Sgt. Nelson, as well as MCSO and Mohave County were negligent in allowing this Deputy to engage in conduct likely to cause injury to members of the public without appropriate supervision or anger management training due to his inability to control himself in a situation which did not call for a physical confrontation based on the totality of the circumstances.

28. As a direct and proximate result of the negligence of Defendants and each of them, Plaintiff was injured.

29. Plaintiff's injuries include pain and suffering, emotional distress, hedonic damages, medical expense, lost income, and such other and further damages as are compensable under the laws of the State of Arizona.

WHEREFORE, Plaintiff prays judgment under COUNT THREE of her Complaint, as follows:

1. For judgment in an amount deemed just and reasonable by the Court fully compensating Plaintiff for any and all damages occasioned her as a result of the negligence of Defendants and each of them plus interest thereon at the appropriate legal rate from the date of judgment until paid.

2. For Plaintiff's costs incurred herein.

3. For such other and further relief and the Court deems just and equitable in the premises.

## COUNT FOUR

### Violation of Civil Rights

30. Plaintiff reasserts and realleges all matters set forth in the paragraphs above as if same were set forth at length herein and by reference incorporates same herein.

31. At all times pertinent hereto, Deputy Sgt. Nelson was acting under the color of authority of governmental agencies of the State of Arizona.

32. Under 42 USCA §1983, "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and saws, shall be liable to the party injured in an action at law...or other proper proceeding for redress..."

33. Deputy Sgt. Nelson's exercise of excessive force based on the circumstances of this case violated Plaintiff's civil rights.

34. As a direct and proximate result of the violation of Plaintiff's civil rights, she has been injured and has sustained damages.

35. Said damages include pain and suffering, emotional distress, medical expense, hedonic damages, lost earnings, and such other and further damages as a compensable for the violation of her civil rights.

WHEREFORE, Plaintiff prays judgment under COUNT FOUR of her Complaint, as follows:

1. For judgment in an amount deemed just and reasonable by the Court fully compensating Plaintiff for any and all damages sustained by her as a result of the violation of her civil rights under 42 U.S.C.A. §1983, plus interest thereon at the legal rate from the date of judgment until paid.

2. For Plaintiff's costs incurred herein.

3. For such other and further relief as the Court deems just and equitable in the premises.

DATED: May 3, 2017

GRYNKEWICH LAW OFFICES

By: _____
Gary S. Grynkewich